BONOMO et ux. v. HARDWARE MUT. CAS. CO. et al.

Civ. A. No. 3341.

United States District Court
W. D. Louisiana, Shreveport Division.
April 11, 1952.

Carey, Ferris & Achee, Shreveport, La., for plaintiffs.

Stafford & Pitts, Alexandria, La., for defendant Liberty Mut. Ins. Co.

Cook, Clark & Egan, Shreveport, La., for defendant Hardware Mut. Cas. Co.

Irion & Switzer, Shreveport, La., for defendant Pacific Employers Ins. Co.

Jackson, Mayer & Kennedy, Shreveport, La., for defendant Metropolitan Cas. Co.

DAWKINS, Chief Judge.

This is a damage suit by the plaintiff wife for personal injuries, and for various items claimed by the community on behalf of the husband, alleged to have been caused by a defective doorstop on a door of the Big Chain Stores, Incorporated, known as a Super Market, in the City of Shreveport.

Several motions have been filed, which were argued and submitted, and they will be taken up in the following order:

(1) Hardware Mutual Casualty Company (called Hardware) has moved to dismiss the complaint on the grounds: (a) for failure "to state a claim * * * upon which relief can be granted"; and (b) in the alternative for a "more definite statement", the latter having been denied at the argument. The motion to dismiss originally involved, for one of its grounds, the contention that this defendant's policy as insurer for Williams Investment Company (called Investment Company) gave no protection against any liability arising in the course of work or improvement which involved structural changes in the building, but the court is now informed that this position has been abandoned and defendant relies upon the claim that the alleged defects in the door or its stop, causing the accident, were such that the tenant and not Investment Company was responsible. Article 2716 of the Louisiana Civil Code is cited as a basis of this position. However, plaintiff has alleged that the alteration or extension of the building was a joint undertaking by the Investment Company, a citizen of Louisiana, and the lessee, Big Chain Stores, Incorporated, (called Big Chain) also a citizen of this state, and that the doorstop thereon was a part of the undertaking and was not therefore left with the tenant so as to be controlled by these provisions of the law relied upon. Such evidence as is before the court, in the form of depositions taken by the plaintiff, shows that the building at 2628 Greenwood Road, in the suburbs of the City of Shreveport, was enlarged or extended to take in a part of a lot upon which a filling station had stood theretofore, and the whole of this construction was new, including the door and its stop, which is alleged to have caused the injury and damage in this case. Plaintiffs allege that, for lack of information, they are unable to state the exact nature of this joint agreement but point to factors, not necessary to recite in detail, as affecting the question of liability of the tenant, such as that it was not required to make the repairs mentioned in the codal article where the construction work was going on at the instance of the owner. The depositions also support the allegations of the nature and the extent of the remodeling of the building, and the court is of the view that the motion to dismiss by Hardware should be referred to the merits of the case.

(2) Pacific Employers Insurance Company, a citizen of another state, as the

insurer of liability against W. Murray Werner, a citizen of Louisiana (called Werner), the general contractor who did the work upon the building in this case, has moved for summary judgment on the ground that his, the contractor's, work "had been completed * * * more than a month prior to the date" when the plaintiff, Mrs. Bonomo, was injured; and in the alternative, for a more definite statement, as to "whether the doorstop (1) was broke, (2) came loose, came loose from the door, or (3) came loose from the door facing". This defendant also moved to dismiss for lack of jurisdiction.

In support of the motion for summary judgment, Pacific submitted the affidavit of Griffith and Tallman, employees of Werner, to the effect that the job of construction and alteration was "complete", and the tenant, Big Chain, had opened and occupied the store "before June 1, 1950", and the accident had happened on June 23 of that year. However, these affidavits, in the light of the depositions and the allegations of the complainant as to the joint nature of the work by the Investment Company and Big Chain, it is not believed present a clear case as would justify the rendition of summary judgment. As to the affidavit of Werner himself that Big Chain had accepted the work before the accident, filed in December, long after the summary judgment had been argued, and submitted, the same is not before the court, and besides, it does not contain any reference to whether or not the building had been so accepted by the owner, Investment Company. If it was a joint enterprise between the landlord and the lessee under which Werner undertook the work, then it would seem that it had to be accepted by both parties to the agreement. Matters involved in the motion for a more definite statement are evidentiary and can be developed by discovery process, or interrogatories.

On the plea as to the jurisdiction, based upon the fact that defendant insurance company was an out of state corporation, it is sufficient to say that, unlike ordinary damage suits, Bish v. Employers' Liability Assurance Corporation, Ltd., D.

C., 102 F.Supp. 343; Bayard v. Traders & General Insurance Co., D.C., 99 F. Supp. 343, in the present case the policy was issued to protect against claims of persons using the premises and could apply only to this particular store. It had no extraterritorial application otherwise, but was confined to the particular undertaking for which it was given.

The motion for dismissal is overruled.